**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-5258**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

CHARLES RAY DEESE,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (7:10-cr-00064-F-1)

———————

Submitted:  November 10, 2011        Decided:  December 5, 2011

———————

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  Thomas G. Walker, United States Attorney, Jennifer
P. May-Parker, Thomas B. Murphy, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Ray Deese pled guilty to possessing firearms and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and possessing with intent to distribute more than five grams of cocaine base and a quantity of cocaine powder, in violation of 21 U.S.C. § 841(a)(1) (2006). Deese was sentenced to 293 months' imprisonment. In this appeal, Deese argues his sentence is unreasonable. We affirm.

We review sentences for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Diosdado-Star, 630 F.3d 359, 363 (4th Cir.), cert. denied, 131 S. Ct. 2946 (2011). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

2

Once we confirm that a sentence is procedurally reasonable, we can consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51.

Deese argues that the district court imposed a procedurally unreasonable sentence because it did not address his argument for a sentence at the bottom of the Guidelines range. We have reviewed the sentencing transcript with the above standards in mind and conclude that the district court adequately responded to Deese's arguments, provided an individualized assessment, and explained the sentence imposed with sufficient detail to allow for meaningful appellate review. See Rita v. United States, 551 U.S. 338, 356-59 (2009). Thus, Deese is not entitled to relief on this claim.

Deese also contends his sentence is unreasonable because the district court classified him as both a career offender and an armed career criminal and then also upwardly departed under U.S. Sentencing Guidelines Manual ("USSG") § 4A1.3(a) (2010), based on the underrepresentation of his criminal history. When reviewing a departure, this court considers "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. McNeill, 598 F.3d 161, 166

3

(4th Cir. 2010) (internal quotation marks omitted), aff'd on other grounds, 131 S. Ct. 2218 (2011). Upward departures from the highest criminal history category, VI, are specifically contemplated by the Guidelines. USSG § 4A1.3(a)(4)(B) & cmt. n.2(B). Furthermore, an upward departure pursuant to USSG § 4A1.3, p.s., will be appropriate in some cases when the defendant is sentenced as an armed career criminal. See USSG § 4B1.4 cmt. background; see also McNeill, 598 F.3d at 166 (rejecting argument that upward departure is contemplated only where armed career criminals have criminal history category of IV or V).

We conclude that the district court's decision to depart upwardly was reasonable. Deese's criminal history was extensive, exceeding the criteria for a criminal history category of VI by a factor of two, and the district court properly applied the incremental approach set forth in § 4A1.3(a)(4)(B). Giving due deference to the district court's decision that the record on a whole justified the extent of the deviation, we conclude that the extent of the departure is a reasonable exercise of the district court's sentencing discretion. See Gall, 552 U.S. at 51; Diosdado-Star, 630 F.3d at 366-67.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and

4

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED